FILED
04 MAR -4 PM 2:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**WILLIAM BISSELL,**

**Plaintiff,**

**vs.**

**COURTESY PONTIAC BUICK GMC, INC.,**

**Defendant.**

**Civil Action No. CV-03-S-2416-S**

ENTERED
MAR 04 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OPINION

Plaintiff was employed by defendant as an auto service technician from September of 2000 until July of 2003.[1] Plaintiff's employment was terminated when he returned to work after being out sick for three days.[2] Plaintiff filed suit on August 29, 2003, alleging that defendant violated his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").[3]

Defendant filed an answer on September 22, 2003, raising arbitration as an affirmative defense.[4] Defendant also filed a motion on February 11, 2003, requesting the court to dismiss this action, and to compel the parties to submit all disputes to binding arbitration, in accordance with the terms of the arbitration policy in

---

[1]Doc. no. 1 (complaint), at ¶¶ 5-6.

[2]*Id.* at ¶¶ 8-9.

[3]*See generally id.*

[4]*See* doc. no. 4 (answer), at "Eighth Defense."



defendant's Employee Handbook.[5]

The Federal Arbitration Act ("FAA") establishes a federal policy favoring arbitration. *See, e.g., Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987). Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983).

The existence of a valid contract to arbitrate is determined by state law. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995). Under Alabama law, there are two prerequisites for a valid arbitration contract: "(1) there must be a written agreement calling for arbitration[;] and (2) the contract in which the arbitration agreement appears must relate to a transaction involving interstate commerce." *Prudential Securities v. Micro-Fab, Inc.*, 689 So. 2d 829, 832 (Ala. 1997) (citation omitted).

Plaintiff does not contest that either of the above requirements has been satisfied. Indeed, a written agreement calling for arbitration clearly exists. When plaintiff commenced his employment with defendant, he received a copy of an Employee Handbook, which contained an arbitration clause providing, in pertinent

---

[5]Doc. no. 11.

part, that:

> *[a]rbitration is the final, exclusive and required forum for the resolution of all employment related disputes which are based on a legal claim.* If an employment related dispute is not resolved through the internal complaint resolution procedure and the matter is based on a legal claim, any party to the dispute may initiate the arbitration process.
>
> *A dispute is based on a legal claim and is subject to this Policy if it arises or involves a claim under any federal, state or local statute*, regulation or common law doctrine *regarding or relating to* employment discrimination, *terms and conditions of employment, or termination of employment* including, but not limited to, the following: Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Rehabilitation Act of 1973, the Americans With Disabilities Act, the Employee Retirement Income Security Act of 1974, and all applicable amendments ... .[6]

Another section of the Employee Handbook provides that "[c]ontinued employment is sufficient consideration to form a contract with respect to this [arbitration] Policy. The provisions of this Handbook, *except for the provisions of the Arbitration Policy*, do not establish a contract, express or implied, guaranteeing employment for any specific duration."[7]

---

[6]Doc. no. 12 (defendant's brief in support of motion to dismiss or to compel arbitration), Exhibit B (Employee Handbook), at § 7.1 (emphasis supplied).

[7]*Id.* at § 7.0 (emphasis supplied). This section of the Employee Handbook, entitled "Statement of Intent," also sets forth the reasoning behind defendant's arbitration policy, providing that

> Courtesy Pontiac believes that the resolution of disagreements that arise between an individual employee and Courtesy Pontiac or between employees in a context that involves Courtesy Pontiac are best accomplished by internal complaint resolution procedures and, where that fails, by arbitration conducted under the rules of the

Plaintiff also signed an "Employee Handbook Acknowledgment" form, conceding that he had received a copy of the Employee Handbook and acknowledging his consent to its terms.[8] The Employee Handbook, together with the acknowledgment executed by plaintiff, jointly comprise a written agreement calling for arbitration. *See Hoffman-LaRoche, Inc. v. Campbell,* 512 So. 2d 725, 733-34 (Ala. 1987) (recognizing formation of unilateral contracts through employment policies or employee handbooks coupled with continuation of employment).

Further, the contract clearly relates to a transaction involving interstate commerce. Defendant's auto dealership is located in Birmingham, Alabama, near

---

> American Arbitration Association. Employees and Courtesy Pontiac benefit from the use of private arbitration because it usually results in a quicker, less costly resolution of disagreements than litigation in state or federal courts. For this reason, Courtesy Pontiac has adopted an arbitration policy.

*Id.*

[8] *Id.* at 58-59 (Employee Handbook Acknowledgment). This Acknowledgment is dated June 24, 2002, and it records plaintiff's receipt of a *revised copy* of the Handbook. Plaintiff signed an identical Employee Handbook Acknowledgment form on April 27, 2000, acknowledging his receipt of *the original version* of the Handbook. *See* brief in support of motion to dismiss or to compel arbitration, at Exhibit C (Employee Handbook Acknowledgment). The last section of the Employee Handbook Acknowledgment provides as follows:

> **Internal Dispute Resolution/Arbitration Policy.** These policies provide the opportunity for prompt and objective review of employment concerns with management. **<u>I understand that arbitration is the final, exclusive and required forum for the resolution of all employment related disputes which are based on a legal claim. I agree to submit all employment-related disputes based on a legal claim to arbitration under Courtesy Pontiac's policy.</u>**

Employee Handbook Acknowledgment (boldface and underlined emphasis in original).

three interstate highways, and it "routinely serves out of state customers."[9] Defendant sells new and used vehicles to customers in Alabama, Georgia, and Tennessee.[10] Defendant acquires some of the vehicles it sells from entities located in states other than Alabama, and the vehicles are transported to defendant's dealership across state lines.[11] In addition, defendant's Service Department, where plaintiff worked, services vehicles which are manufactured with component parts that have traveled across state lines.[12] As a service technician, plaintiff worked with automotive parts which defendant acquired through the channels and instrumentalities of interstate commerce.[13] Further, plaintiff participated in defendant's 401(k) program, pursuant to which monthly contribution checks were mailed on plaintiff's behalf from Alabama to Wisconsin.[14]

Finally, the arbitration clause covers the claims asserted by plaintiff in this action. The clause requires arbitration of any "claim under any federal, state or local statute, regulation or common law doctrine regarding or relating to employment discrimination, terms and conditions of employment, or termination of employment

---

[9]Brief in support of motion to dismiss or to compel arbitration, Exhibit E (Affidavit of Vernon Cooper), at ¶ 3.

[10]*Id.* at ¶ 4.

[11]*Id.*

[12]*Id.* at ¶ 5.

[13]*Id.* at ¶ 6.

[14]*Id.* at ¶ 7.

. . . ."[15] Although the clause does not specifically mention FMLA claims, such claims clearly arise under a federal statute relating to the "terms and conditions" or "termination" of plaintiff's employment. *See O'Neal v. Hilton Head Hospital,* 115 F.3d 272 (4th Cir. 1997) (requiring arbitration of plaintiff's FMLA claim); *Satarino v. A.G. Edwards & Sons, Inc.,* 941 F. Supp. 609, 613 (N.D. Tex. 1996) (stating that the FMLA "contains nothing to suggest that agreements to arbitrate are unenforceable").

Ordinarily, these circumstances would be sufficient to require the court to submit this matter to arbitration of any and all disputes. Here, however, plaintiff asserts that defendant has waived its right to enforce the arbitration clause by failing to file a motion to compel arbitration earlier in the litigation process.[16]

> [A]n agreement to arbitrate, "just like any other contract ..., may be waived." *See, e.g., Burton-Dixie Corp. v. Timothy McCarthy Const. Co.,* 436 F.2d 405, 407 (5th Cir. 1971). In determining whether a party has waived its right to arbitrate, we have established a two-part test. First, we decide if, "under the totality of the circumstances," the party "has acted inconsistently with the arbitration right," and, second, we look to see whether, by doing so, that party "has in some way prejudiced the other party." *S & H Contractors, Inc. v. A.J. Taft Coal Co.,* 906 F.2d 1507, 1514 (11th Cir. 1990) (citations omitted).

*Ivax Corp. v. B. Braun of America, Inc.,* 286 F.3d 1309, 1315-16 (11th Cir. 2002)

---

[15] Employee Handbook, at § 7.1.

[16] *See* doc. no. 13 (plaintiff's response to defendant's motion to dismiss or to compel arbitration).

(footnote omitted). A party must "*substantially* invoke[] the judicial process to the detriment or prejudice of the other party," however, before it will be said to have waived its right to arbitrate a dispute. *Stone v. E.F. Hutton & Co.,* 898 F.2d 1542, 1543 (11th Cir. 1990) (citing *Miller Brewing Co. v. Fort Worth Distributing Co.,* 781 F.2d 494, 497 (5th Cir. 1986) (emphasis supplied).

> The use of pre-trial discovery procedures by a party seeking arbitration *may* sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration. [*Miller Brewing Co.,* 781 F.2d] at 498. However, "[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof." *Belke v. Merrill Lynch, Pierce, Fenner & Smith,* 693 F.2d 1023, 1025 (11th Cir. 1982) (citations omitted). Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. [*Moses H. Cone*, 460 U.S. at 24-25, 103 S. Ct. at 941-42].

*Stone,* 898 F.2d at 1543 (italicized emphasis supplied). In determining whether the party opposing arbitration has been prejudiced, the court should consider "the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *S & H Contractors,* 906 F.2d at 1514 (citation omitted).

Plaintiff asserts that defendant has waived its right to arbitrate this dispute, because it waited almost six months after plaintiff filed his complaint in August of 2003 to move to compel arbitration.[17] In the meantime, defendant has filed an answer

[17] *Id.* at ¶¶ 1, 7.

to plaintiff's complaint and participated in a discovery planning conference.[18] Plaintiff served written discovery requests on defendant in November of 2003, but defendant has not yet responded to the requests.[19] Thus, plaintiff contends that defendant has acted inconsistently with its arbitration rights by substantially participating in the litigation process, and that he would be prejudiced if he was required to "abandon the litigation that has begun" and "start over" in arbitration.[20]

What plaintiff fails to point out is that defendant raised arbitration as an affirmative defense in its answer. The answer, filed on September 22, 2003, alleges in pertinent part that "plaintiff's claims are due to be submitted to arbitration pursuant to agreement with the plaintiff's employer. Defendant files this Answer while specifically preserving its right to compel arbitration."[21]

> It is well established that where a party asserts the right to demand arbitration during pretrial proceedings, the party later opposing a motion to compel arbitration necessarily bears a heavy burden in showing waiver. *See, e.g., Southwest Industrial Import & Export, Inc. v. Wilmod Co., Inc.,* 524 F.2d 468, 470 (5th Cir. 1975) ("where as here the party seeking arbitration has made a timely demand for arbitration at or before the commencement of judicial proceedings in the Trial Court, the burden of proving waiver falls even more heavily on the shoulders of the party seeking to prove waiver"); *General Guaranty Insurance Co. v. New Orleans General Agency, Inc.,* 427 F.2d 924, 929, n. 5 (5th Cir. 1970) ("Once the defendant, by answer, has given notice of insisting on

---

[18] *Id.* at ¶ 2.

[19] *Id.* at ¶ 3.

[20] *Id.* at ¶ 5.

[21] Answer, at "Eighth Defense."

> arbitration the burden is heavy on the party seeking to prove waiver").[22] A demand for arbitration puts a party on notice that arbitration may be forthcoming, and therefore, affords that party the opportunity to avoid compromising its position with respect to arbitrable and nonarbitrable claims.

*Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1161 (5th Cir. 1986). *See also Marubeni Corp. v. Mobile Bay Wood Chip Center,* No. Civ.A. 02-0914-PL, 2003 WL 22466215, at * 16-17 (S.D. Ala. June 16, 2003) (defendant's assertion of arbitration as an affirmative defense was one factor in the court's holding that defendant had not waived its right to arbitration); *Spurlock v. Life Insurance Co. of Virginia,* No. CIV.A.98-D-222-N, 2000 WL 1785300, at *11 (M.D. Ala. October 31, 2000) (court refused to hold that the defendant had waived its right to arbitrate its dispute, because "each Defendant through its or her Answer or motion to compel arbitration, set out a defense and/or argued that Plaintiffs' claims are subject to arbitration").

Plaintiff cannot meet his heavy burden of proving that defendant waived its right to arbitrate this dispute. Even in cases involving defendants who *did not* reserve the right to demand arbitration early in a court proceeding, courts have held that a party waived its right to arbitration only when the party moving to compel arbitration

---

[22]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

participated far more substantially in the litigation process than defendant has here, and only when the non-movant suffered far more prejudice than plaintiff has suffered here.

For instance, in *Stone v. E.F. Hutton & Co.,* 898 F.2d 1542, 1543 (11th Cir. 1990), the defendant delayed one year and eight months from the date its arbitration rights accrued to file a motion to compel arbitration. In the meantime, the defendant had deposed the plaintiff and responded to a request for production of documents submitted by the plaintiff. *Id.* Further discovery requests also had been submitted, but not responded to, and further depositions had been scheduled. *Id.* The defendant had been aware for approximately seven months of the fast-approaching discovery completion, pre-trial conference, and trial deadlines. *Id.* Because of the defendant's delay in seeking arbitration, and its substantial participation in the litigation process, "[s]ignificant prejudice to Plaintiff's legal position [could] be inferred." *Id.* at 1544. Thus, the Eleventh Circuit held that the defendant had waived its right to arbitrate the dispute. *Id.*

The United States District Court for the Middle District of Florida reached a similar result in *Snelling & Snelling, Inc. v. J. Reynolds, MTX,* 140 F. Supp. 2d 1314 (M.D. Fla. 2001). The defendant in *Snelling* waited fourteen months from the date its arbitration rights accrued to move for arbitration. *Id.* at 1322. In the meantime, it

answered the plaintiffs' complaint and participated in both a "Case Management Conference" and a court-ordered mediation. *Id.* The defendant also substantially participated in the discovery process by taking depositions, serving written discovery requests, and responding to the plaintiffs' discovery requests. *Id.* Further, the defendant did not move to compel arbitration until *after* the time period for discovery had expired. *Id.* The plaintiffs were prejudiced by the defendant's delay, because they had incurred the expenses of responding to the defendant's discovery requests and of litigating the defendant's motion for partial summary judgment. *Id.* at 1322-23. Thus, the court held that the defendant had waived its right to arbitrate the dispute. *Id.* at 1323.

In this action, defendant waited only approximately six months after plaintiff filed suit to move to compel arbitration – a much shorter delay than that experienced in either *Stone* or *Snelling*. Defendant answered plaintiff's complaint and filed a joint discovery plan with the court, but it has not substantially participated in the discovery process by taking depositions, serving or responding to discovery requests, or litigating a motion for summary judgment, as did the defendants in *Stone* and *Snelling*.[23] Further, plaintiff has incurred *some* costs in preparing a discovery plan and

[23]Plaintiff emphasizes that he has served written discovery requests on defendant, but that defendant has not responded. This fact does not support plaintiff's argument. Plaintiff's service of discovery requests on defendant indicates that *plaintiff* has participated in the discovery process, but it does not indicate that defendant has participated in discovery. Indeed, the fact that defendant has

submitting written discovery requests to defendant, but those costs are not as substantial as the costs incurred by the plaintiffs in *Stone* and *Snelling.*

These circumstances are insufficient to establish that defendant waived its right to arbitrate this dispute, especially considering that plaintiff has been on notice since September 22, 2003, when defendant filed its answer, that defendant intended to reserve its right to demand arbitration. *See Southwest Industrial,* 524 F.2d at 470 ("[W]here as here the party seeking arbitration has made a timely demand for arbitration at or before the commencement of judicial proceedings in the Trial Court, the burden of proving waiver falls *even more heavily* on the shoulders of the party seeking to prove waiver.") (emphasis supplied). Plaintiff has offered no other defense to defendant's motion to dismiss or to compel arbitration. Accordingly, the motion will be granted. An appropriate order will be entered contemporaneously herewith.

DONE this 4th day of March, 2004.

United States District Judge

---

failed to respond to plaintiff's requests indicates that defendant *has not participated* in discovery.